UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **ASHLEY II OF CHARLESTON, L.L.C.** | ) | Case No. 2:05-2782-CWH |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| v. | ) | **PCS NITROGEN, INC.'S MOTION** |
| | ) | **FOR SCHEDULING ORDER** |
| **PCS NITROGEN, INC.** | ) | |
| | ) | |
| **Defendant/Third-Party Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ROSS DEVELOPMENT CORPORATION, KONINKLIJKE DSM N.V., DSM CHEMICALS OF NORTH AMERICA, INC., JAMES H. HOLCOMBE, AND J. HOLCOMBE ENTERPRISES, L.P. AND J. HENRY FAIR, JR.,** | ) ) ) ) ) | |
| | ) | |
| **Third-Party Defendants.** | ) ) | |

Defendant/Third-Party Plaintiff, PCS Nitrogen, Inc. ("PCS"), hereby requests the Court to enter a scheduling order pursuant to Local Civil Rule 16.02, DSC. The order should reflect additional developments which have occurred since the November 29, 2007 status conference.

1.   On September 28, 2007, this Court entered its decision with respect to the first phase of this litigation. In that order, the Court held that PCS was a successor in interest to Old Columbia Nitrogen Corporation. That determination did not address the extent of Old Columbia Nitrogen Corporation liability for environmental contamination, nor did it address the liability of any other person or corporation for the contamination.

2.   The Court held a telephonic status conference on November 29, 2007. Represented parties included Ashley II of Charleston, L.L.C. ("Ashley"), PCS, the Holcombe &

Fair defendants ("Holcombe & Fair"), and the DSM defendants ("DSM"). At the time, Ross Development Corporation ("Ross"), formerly known as Planters Fertilizer and Phosphate Company was not represented, and did not participate in the conference call. Subsequently, Roy Shelley of Rogers, Townsend and Thomas, P.C., has entered his appearance in this matter on behalf of Ross.

3. During that conference, PCS indicated that discovery could be completed within six months--assuming that the parties did not engage in any motion practice which would have the effect of delaying the completion of the discovery process. The Court stated that the parties could have six months for discovery and that more time could be sought if motions were filed.

4. Since that time, discovery has been proceeding. The existing parties have completed their environmental inspections of the property. Document requests and interrogatories have been propounded, and responses have been provided or are in the process of being provided. Subpoenas have been issued to third parties, and documents are being received in response. On April 3, 2008, Ashley produced a supplemental expert report of its expert witness Kristin Stout. Ashley has advised that it intents to provide another expert witness report in the upcoming weeks. PCS has engaged two expert witnesses, and each will provide a responsive expert report. Depositions are scheduled to commence on April 28. 2008. PCS may also engage another expert. It is unclear at this time whether Ross, DSM, or Holcombe & Fair will engage experts.

5. In addition, a number of motions have been filed. DSM filed a motion to dismiss and a motion to stay discovery. PCS has filed a motion seeking interlocutory review of the Court's September 28, 2007 decision. Ross has joined PCS in the request to certify an appeal. Ross, Holcombe & Fair, DSM and Ashley have requested additional time to respond to PCS's

discovery requests. In addition, PCS has filed a motion to amend its pleadings, and to add a number of third-party defendants, including AllWaste Tank cleaning, Inc., Robin Hood Container Express, Inc., the City of Charleston, and a number of the Ross shareholders.

6. PCS believes that discovery against the existing parties can be completed promptly, but cannot be completed by May 29, 2008, six months subsequent to the November 29, 2007 conference call. PCS has discussed this matter with Ashley. Ashley has indicated that it will not object to the extent certain discovery regarding existing parties cannot be completed by May 29, 2008. Ashley is amenable to conducting discovery into the month of June. Ashley will object, however, to the extent that discovery is not limited to the claim and parties presently in the case.

7. As set forth in PCS' motion to amend the pleadings, good cause exists to amend the pleadings and to join additional parties. In the absence of any amendment, complete relief regarding the Columbia Nitrogen Site cannot be obtained.

8. While the proposed amendments seek to join a number of additional parties, PCS does not believe that the addition of these new parties, nor the amendment of the pleadings, will complicate the issues in this case to any significant degree. PCS believes that any additional discovery against all parties can be completed by October 31, 2008, although recognizes that the additional parties may request additional time. PCS respectfully requests the entry of a scheduling order that would achieve this goal.

                Respectfully submitted,

                s/ Wm. Howell Morrison
                Wm. Howell Morrison (#3586)
                Moore & Van Allen, PLLC
                40 Calhoun Street, Suite 300
                Charleston, SC  29401
                Ph. (843) 579-7000
                Fax (843) 579-8718
                hmorrison@mvalaw.com

                and

                Of Counsel:
                John B. Williams
                Jones Day
                51 Louisiana Avenue, NW
                Washington, DC 20001-2113
                Ph. (202) 879-3939
                Fax (202) 626-1700
                jbwilliams@jonesday.com


                ATTORNEYS FOR DEFENDANT/
                THIRD-PARTY PLAINTIFF PCS
                NITROGEN INC.

April 10, 2008