IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ashley II of Charleston, L.L.C., ) | |
| ) | Civil Action No. 2:05-2782-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| PCS Nitrogen, Inc., ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Ross Development Corporation; ) | |
| Koninklijke DSM N.V.; DSM Chemicals ) | |
| of North America, Inc.; James H. ) | |
| Holcombe; J. Holcombe Enterprises, L.P.; ) | |
| J. Henry Fair, Jr.; Allwaste Tank Cleaning, ) | |
| Inc.; Robin Hood Container Express; and ) | |
| the City of Charleston, ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____) | |

On August 8, 2011, PCS Nitrogen, Inc. ("PCS") filed a motion under Federal Rule of Civil Procedure 54(b) requesting entry of final judgment as to Counts I and II of the complaint brought by Ashley II of Charleston, L.L.C. ("Ashley") against PCS. ECF No. 659. On August 25, 2011, Ashley filed an opposition in response, arguing that final judgment should be entered as to all claims except for PCS's pending claim against Ross Development Corporation ("Ross") for contractual indemnification. ECF No. 661. PCS filed a reply on September 6, 2011. ECF No. 662.

**BACKGROUND**

On July 16, 2008, Ashley filed an amended complaint against PCS seeking a declaration of joint and several liability under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") § 107 for environmental response costs at the Columbia Nitrogen Site in Charleston, South Carolina. ECF No. 209. Ashley also sought damages based on past response costs. *Id.* On August 4, 2008, PCS filed an amended answer and counterclaim. ECF No. 226. PCS asserted contribution claims under CERCLA § 113(f) against Ashley; Ross; Koninklijke DSM N.V. and DSM Chemicals of North America, Inc. (collectively "the DSM Parties"); James H. Holcombe; J. Holcombe Enterprises, L.P.; J. Henry Fair, Jr.; Allwaste Tank Cleaning; Robin Hood Container Express, Inc. ("RHCE"); and the City of Charleston, South Carolina, alleging that they are potentially responsible parties. *Id.* PCS also asserted a claim against Ross for indemnification based on contract. *Id.* Many of the third-party defendants filed counterclaims against PCS and cross-claims against other third-party defendants, seeking contribution under CERCLA § 113. ECF No. 228, 231, 234 & 239.

On May 27, 2011, this Court issued an order holding that the harm at the Columbia Nitrogen Site is indivisible, that PCS is jointly and severally liable for the harm, and that PCS is liable to Ashley for response costs pursuant to CERCLA § 107(a)(2). ECF No. 627 at 121. The Court directed entry of judgment for Ashley in the amount of $147,617.02 plus interest against PCS and declared that PCS would be liable to Ashley for 76% of future response costs. *Id.* The Court also directed entry of judgment for PCS in the amount of $87,404.82 plus interest against Ross and in the amount of $1,942.32 plus interest against RHCE. *Id.* The Court declared that Ross would be liable to PCS for 45% of future response costs, and that RHCE would be liable to

PCS for 1% of future response costs. *Id.* Finally, the Court declared that PCS is entitled to reimbursement from Ross pursuant to the indemnification contract. *Id.*

## LEGAL STANDARD

"When an action presents more than one claim for relief . . . or multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). To certify claims for appeal under Rule 54(b), the "district court must first determine that it is dealing with a 'final judgment,'" that is, "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quotation omitted). The court must also determine that "there is no just reason for the delay in the entry of judgment." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). In making the latter determination, the court should consider:

> (1) the relationship between the adjudicated and unadjudicated claims;
>
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final;
>
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1335-36. If the court finds certification under Rule 54(b) to be appropriate it "should state [its] findings on the record or in its order" because "[t]he expression of clear and cogent findings of fact is crucial." *Id.* at 1336.

**DISCUSSION**

The Court has ruled on all the CERCLA claims in the present action – Ashley's primary § 107 claim against PCS and the § 113 contribution claims asserted by PCS and the third-party defendants. Remaining for disposition is PCS's claim against Ross for indemnity based on a contractual agreement. The parties move the court to determine whether there is "no just reason for delay[ing]" the entry of final judgment as to one or more of the claims that have been resolved.

Ross argues that all CERCLA claims should be certified for appeal. Examining this suggestion in light of the five *Braswell* factors, the Court finds that the fully adjudicated CERCLA claims have only a tenuous relationship to the unadjudicated contract claim between PCS and Ross. The CERCLA claims involve the apportionment of liability for over one hundred years of pollution among various successive landowners according to CERCLA's statutory scheme. However, the remaining claim deals only with the interpretation of a contract between two private parties. Moreover, the need for the Fourth Circuit to review this Court's adjudication of the CERCLA claims will not be mooted by any possible developments in the contract claim. Although the contract claim may affect Ross's liability to PCS, it will not remove the need for the appellate court to review the determination of PCS's primary liability to Ashley and the allocation of CERCLA liability among the various landowners. Furthermore, because the CERCLA claims involve issues distinct from the contract claim, there is no possibility that the Fourth Circuit will be required to consider the same issues a second time; any subsequent appeal of the contract claim would not raise issues under CERCLA.

The remaining contract claim between PCS and Ross would not result in a set-off against the judgment under the CERCLA claims. Ross has been found to be liable to PCS for a portion

of PCS's environmental response costs. Although PCS seeks further recovery from Ross based on an indemnity contract, the resolution of this claim could increase, but not decrease, Ross's liability to PCS. Finally, the miscellaneous factors likewise counsel in favor of certifying the CERCLA claims for appeal while the contract claim remains pending in this Court. PCS is currently involved in related litigation against Ross and its directors and shareholders in this Court. PCS seeks damages arising from its losses due to the litigation costs and judgment in the present case. Any further damages awarded to PCS under its contract with Ross will necessarily implicate this related litigation and may lead to delay in the resolution of the contract claim. There is no just reason to deny the numerous other parties to the CERCLA claims an opportunity to pursue a timely appeal while PCS and Ross resolve an essentially private dispute. Accordingly, this Court finds certification of all CERCLA claims to be appropriate under Rule 54(b).

PCS argues that only Ashley's CERCLA § 107 claims against PCS should be certified for appeal, and that the numerous CERCLA § 113 contribution claims between PCS and the third-party defendants should not be certified at the present time. PCS contends that Ashley's claims "are separable from the other claims in this case," which "concern issues other than Section 107 liability to Ashley." ECF No. 659 at 2. PCS emphasizes that most of the remaining claims "are viable *only if* PCS is liable to Ashley under Section 107," and that "[i]f the Court of Appeals determines that PCS is *not* liable to Ashley, most of the other claims and outstanding issues in the case could be rendered moot." *Id.* PCS argues that "[a]n appeal limited to [Ashley's claims] would be efficient and would avoid the complex morass of other issues and other parties involved in the Section 113 claims." ECF No. 662 at 2.

As explained above, there is no just reason to delay the appeal of the fully resolved CERCLA claims while PCS and Ross continue to litigate a private contractual dispute. Nevertheless, PCS urges the Court to withhold certification of some CERCLA claims for the sole purpose of creating an "efficient" appellate package. The Court does not find this to be appropriate under Rule 54(b).

## CONCLUSION

Because the Court finds that all CERCLA claims have reached final judgment and that there is no just reason to delay the appeal of these claims, the Court certifies all such claims for appeal under Federal Rule of Civil Procedure 54(b). The only remaining claim is PCS's contractual claim for indemnity against Ross.

**IT IS ORDERED.**

s/ Margaret B. Seymour  
Margaret B. Seymour  
United States District Judge

Columbia, South Carolina  
November 16, 2011