IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ashley II of Charleston, L.L.C., ) | |
| ) | Civil Action No. 2:05-2782-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| PCS Nitrogen, Inc., ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Ross Development Corporation; ) | |
| Koninklijke DSM N.V.; DSM Chemicals ) | |
| of North America, Inc.; James H. ) | |
| Holcombe; J. Holcombe Enterprises, L.P.; ) | |
| J. Henry Fair, Jr.; Allwaste Tank Cleaning, ) | |
| Inc.; Robin Hood Container Express; and ) | |
| the City of Charleston, ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____) | |

The court held a status conference on February 4, 2013, at which it requested that PCS Nitrogen, Inc. and Ross Development Corporation submit additional briefing to assist the court in interpreting the indemnity contract at issue. ECF No. 707. The court has reviewed the parties' submissions. Ross argues that the indemnity contract language should not be read to mean that costs jointly attributable to PCS' and Ross' actions are recoverable, as the indemnity contract does not expressly indemnify PCS, the indemnitee, for losses resulting from its own negligence. Ross' position relies on the interpretive rule that an indemnity contract will not be construed to indemnify the indemnitee against losses resulting from its own negligent acts unless such intention is expressed in clear and unequivocal terms. *See Laurens Emergency Med. Specialists, PA v. M.S. Bailey & Sons Bankers*, 584 S.E.2d 375, 378-79 (S.C. 2003) (citing *Fed. Pac. Elec. v. Carolina Prod. Enter.*, 378

S.E.2d 56 (S.C. Ct. App. 1989)).  However, CERCLA is a strict liability statute, and the court has made no finding of fault in this case.  Although the losses PCS incurred are partially the consequence of its own conduct, as PCS argues, those losses are not the result of its own negligence. The question raised here is whether the rule that courts are to construe indemnity contracts against providing for the indemnification of negligent indemnitees applies when an entity seeks contractual indemnification for its own strict liability conduct.  The answer to this question, which is potentially dispositive here, does not appear to be directly controlled by any precedent of the Supreme Court of South Carolina.

The court is considering certifying that issue to the Supreme Court of South Carolina pursuant to Rule 244 of the South Carolina Appellate Court Rules.  The court orders that the parties each submit a brief (no longer than five pages) setting forth its position on certification, as well as proposed language for a certified question.  Furthermore, if the parties are in agreement that the question requires certification and are able to propose a consent certification order to the court, they should do so.  The deadline for submission is August 15, 2013.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour  
Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina  
August 8, 2013