**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Ashley II of Charleston, L.L.C., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PCS Nitrogen, Inc., )<br>)<br>Defendant/Third-Party Plaintiff, )<br>)<br>vs. )<br>)<br>Ross Development Corporation; )<br>Koninklijke DSM N.V.; DSM Chemicals )<br>of North America, Inc.; James H. )<br>Holcombe; J. Holcombe Enterprises, L.P.; )<br>J. Henry Fair, Jr.; Allwaste Tank Cleaning, )<br>Inc.; Robin Hood Container Express; and )<br>the City of Charleston, )<br>)<br>Third-Party Defendants. )<br>_____) | Civil Action No. 2:05-2782-MBS<br><br>**ORDER AND OPINION** |

**I. PROCEDURAL BACKGROUND**

On July 16, 2008, Plaintiff Ashley II of Charleston, L.L.C., ("Asheley") filed an amended complaint against Defendant PCS Nitrogen Inc. ("PCS") seeking a declaration of joint and several liability under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") § 107 for environmental response costs at the Columbia Nitrogen Site in Charleston, South Carolina. ECF No. 209. Ashley also sought damages based on past response costs. *Id.* On August 4, 2008, PCS filed an amended answer and counterclaim. ECF No. 226. PCS asserted contribution claims under CERCLA § 113(f) against Ashley; Ross; Koninklijke DSM N.V. and

1

DSM Chemicals of North America, Inc. (collectively "the DSM Parties"); James H. Holcombe; J. Holcombe Enterprises, L.P.; J. Henry Fair, Jr. (collectively "Holcombe and Fair"); Allwaste Tank Cleaning; Robin Hood Container Express, Inc. ("RHCE"); and the City of Charleston, South Carolina, alleging that they are potentially responsible parties. *Id.* PCS also asserted a claim against Ross for indemnification based on contract. *Id.* Many of the third-party defendants filed counterclaims against PCS and cross-claims against other third-party defendants, seeking contribution under CERCLA § 113. ECF No. 228, 231, 234 & 239.

On May 27, 2011, this court issued an order holding that the harm at the Columbia Nitrogen Site is indivisible, that PCS is jointly and severally liable for the harm, and that PCS is liable to Ashley for response costs pursuant to CERCLA § 107(a)(2). ECF No. 627 at 121. The court directed entry of judgment for Ashley in the amount of $147,617.02 plus interest against PCS and declared that PCS would be liable to Ashley for 76% of future response costs. *Id.* The court also directed entry of judgment for PCS in the amount of $87,404.82 plus interest against Ross and in the amount of $1,942.32 plus interest against RHCE. *Id.* The court declared that Ross would be liable to PCS for 45% of future response costs, and that RHCE would be liable to PCS for 1% of future response costs. *Id.* Finally, the court declared that PCS is entitled to reimbursement from Ross pursuant to the indemnification contract. *Id.* Judgment was entered on May 27, 2011. ECF No. 628.

On November 16, 2011, this court certified the CERCLA claims for appeal under Fed. R. Civ. P. 54(b). The parties appealed. The Fourth Circuit Court of Appeals issued an opinion affirming the determinations of the this court on April 10, 2013. ECF No. 720. The mandate and judgment from the Fourth Circuit issued on May 8, 2013. ECF No. 795. On May 22, 2013, PCS

filed a bill of costs pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54.03, and Fed. R. App. P. 39(e) seeking the taxation of costs against Ashley (ECF No. 725), Holcombe and Fair (ECF No. 726), Ross (ECF No. 727), Allwaste (ECF No. 728), and RHCE (ECF No. 729). Supporting the bill of costs, PCS attached a spreadsheet assigning to each third-party defendant specific costs (i.e., those incurred only to prove the liability for that party) as well as a share of other more general costs (i.e., those incurred for the general benefit of PCS). ECF No. 728-4. PCS assigns an equal share of the general costs to each party, including PCS. *Id.* PCS seeks a total of $28,248.96 in costs from Ross, Holcombe and Fair, Allwaste, and RHCE. *Id.* Each party against whom PCS seeks to tax costs objected. *See* ECF Nos. 731, 732, 734, 735. On June 20, 2013, PCS withdrew its bill of costs as to Ashley (ECF No. 736) and filed a consolidated reply to the objections of Holcombe and Fair, Ross, Allwaste, and RHCE. ECF No. 737. On July 22, 2013, the Fourth Circuit issued an order declining to tax certain appellate costs. ECF No. 740.

## II. DISCUSSION

### A. Costs Taxable under Fed R. Civ. P. 54(d)(1)

Fed. R. Civ. P. 54(d)(1) provides that costs other than attorney's fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Local Rule 54.03 supplements Rule 54(d) and provides: "A bill of costs shall be filed within the time limits set by Fed. R. Civ. P. 54(d)(2)(B) for applications for attorney's fees. Noncompliance with this time limit shall be deemed a waiver of any claim for costs." Local Rule 54.03 D.S.C. Fed. R. Civ. P. 54(d)(2)(B) requires a motion for attorney's fees to be made within 14 days of the entry of judgment unless a statute or court order provides otherwise. Fed. R. Civ. P. 54(d)(2)(B).

Ross, Holcombe and Fair, Allwaste, and RHCE contend that PCS did not timely file its bill

of costs, noting that judgment in this case was entered by the court on May 27, 2011, but that the bill of costs was not filed until May 22, 2013, almost two years after the entry of judgment. PCS, however, argues that the 14-day period for the filing of a bill of costs under Fed. R. Civ. P. 54(d)(1) begins to run not from the entry of judgment by the district court, but rather from the date of the issuance of the mandate and judgment by the court of appeals. *See* ECF No. 737. In support of this contention, PCS relies on the 1993 Advisory Committee Notes to Rule 54 and several cases. *Id*.

The 1993 Advisory Committee Notes to Rule 54 do not support PCS's position that the 14-day period begins to run from the issuance of the mandate of the court of appeals and not from the issuance of a judgment by this court. In relevant part, the Advisory Committee Notes state:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.

Fed. R. Civ. P. 54, 1993 Advisory Committee Notes.

PCS did not follow the procedure for taxing costs under Rule 54(d)(1), as limited by Local Rule 54.03. The court declines to "effectively extend" the deadline at this point for three reasons. First, in this case no statute or court order extended the 14-filing period provided by the Rule. Second, PCS made no prior "claim" for costs which would have allowed the court to "defer its ruling on the motion, or deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54, 1993 Advisory Committee Notes. Third, the Advisory Committee Notes explicitly warn that "a notice of appeal does not extend the time for filing." *Id*. The claim for costs under Rule 54(d)(1) and the Local

4

Rules should have been made within 14 days of the entry of judgment by this court.

PCS attempts to salvage its claim for costs under Rule 54(d)(1) by citing numerous cases approving the filing of a bill of costs after the issuance of a mandate from an appellate court. These cases, however, are inapposite to the court's present analysis under Fed. R. Civ. P. 54(d)(1). Some concern costs sought under Fed. R. App. P. 39(e) and thus were limited to appellate costs. *See Murphy v. L&J Press Corp.*, 577 F.2d 27, 29 (8th Cir. 1978) (allowing only appellate costs, i.e., the cost of the transcript); *Simpson v. Thomas*, No. 2:03-cv-00591, 2008 WL 5381809 at *3 (E.C. Cal. Dec. 22, 2008) (same). Others concern the resolution of motions for costs or attorney's fees which were filed after the judgment of the district court but before the resolution of an appeal. *See Marinemax v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 8:10-cv-1059, 2013 WL 1222760 at *1 (M.D. Fla. Mar. 25, 2013) (denying without prejudice a bill of costs and motion for attorney's fees filed *before* resolution of appeal and directing that they be re-filed within 14 days of the issuance of a mandate from the court of appeals); *Levy v. City of New Carrolton*, Civil Action No. 06-2598, 2012 WL 909215 at *1 (D. Md. Mar. 15, 2012) (bill of costs considered after mandate issued where the bill was also filed before the appeal); *In re Farmers Ins. Exchange*, MDL No. 33-1439, 2009 WL 3834034 *1, *3 (D. Ore. Nov. 13, 2009) (awarding fees after the entry of an amended judgment by the district court on remand and deferring consideration of motions for certain other fees and costs until after resolution of an appeal). These cases are not relevant to a situation where, as here, a bill of costs is filed under Fed. R. Civ. P. 54(d)(1) for the first time after the mandate issues from the court of appeals.

Based on the plain language of Rule 54(d)(1) and Local Rule 54.03, the court concludes that by failing to file within 14 days of the entry of the original judgment in this case, PCS has waived

its claim for any costs it may have been due under Fed. R. Civ. P. 54(d)(1) and Local Rule 54.03.

**B. Costs Taxable under Fed. R. App. P. 39(e)**

PCS also moves for taxation of costs under Fed. R. App. P. 39(e).[1]  Fed. R. App. P. 39 requires that certain appellate costs be taxed against the appellant if a judgment is affirmed.  Fed. R. App. P. 39(a)(2).  Because PCS was the appellee in four of the five consolidated appeals and the judgment was affirmed, costs may properly be taxed in its favor under Fed. R. App. P. 39.  The Fourth Circuit, without providing any explanation, declined to tax costs in this case.  ECF No. 740. However, certain costs of appeal are taxable in the district court, notwithstanding the appellate court's decision regarding taxation of costs.  *See* Fed. R. App. P. 39(e); *see also Republic Tobacco Co. v. N. Atlantic Trading Co., Inc.*, 481 F.3d 442, 448 (7th Cir. 2007) (a ruling by the appellate court on costs taxable under Fed. R. App. P. 39(c) "did not preclude the district court from awarding (or declining to award), in its discretion, costs taxable under Rule 39(e)").  These appellate costs taxable by the district court are limited by the Rule to four costs: the preparation and transmission of the record, the reporter's transcript if needed to determine the appeal, the supercedes bond or other bond to preserve rights pending appeal, and the fee for filing the notice of appeal. Fed. R. App. P. 39(e).  According to the canon of construction *expression unius est exlusio alterius*, the inclusion of specific items on a list implies the exclusion of items not on the list.  *Black's Law Dictionary* (9th ed. 2009).  Any taxation of costs under Fed. R. App. P. 39(e) is limited to the four enumerated costs permitted by the rule.

Of these appellate costs in listed Rule 39(e), only the third—the reporter's transcript—is included in the bill of costs submitted by PCS.  PCS seeks the taxation of the cost of four transcripts:

---

[1] The claim for costs under Rule 39(e) was timely filed within 14 days of the issuance of the Court of Appeals' mandate.

1) The "realtime" transcript of the bench trial held October 26-November 6 2009, costing $5,340.55. ECF No. 728-5 at 5.

2) The "realtime and daily copy," costing $6,064.75. ECF No. 728-5 at 6.

3) The "completed transcript," costing $5,489.60. ECF No. 728-5 at 7.

4) The transcript of the bench trial held October 26-November 6, 2009, costing $5,794.70. ECF No. 728-5 at 8.

Because Fed. R. App. P. 39(e) permits taxation for the costs of the transcript only "if needed to determine the appeal," in a case such as this the Rule cannot contemplate taxation of the costs of multiple versions of the transcript. Likewise, the Rule cannot permit taxation of the costs of any but the final version of transcript. Here, only the fourth transcript in PCS's bill of costs reflects a final version of the reporter's transcript which may properly be deemed necessary to the determination of the appeal.

Under Fed. R. App. P. 39(e), PCS is entitled to $5,794.70 representing the cost of the final transcript of the bench trial. This cost must be taxed against the appellants under Fed. R. App. P. 39(a)(2). The court hereby assigns one-fifth of that cost ($1,158.94) to each of the five appellants. As PCS has withdrawn its bill of costs as to Ashley, the court taxes costs in the amount of $1,158.94 each against Ross, Holcombe and Fair, Allwaste, and Robin Hood. No costs are taxed against Ashley.

### III. CONCLUSION

The Clerk is directed to enter costs in favor of PCS in conformity with this order.

**IT IS SO ORDERED.**

                                                s/ Margaret B. Seymour
                                                Margaret B. Seymour
                                                Senior United States District Court Judge

November 13, 2014
Columbia, South Carolina